IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT

v.                          Case No. 4:01-CR-40019

BRIAN L. BROWN                              DEFENDANT/MOVANT

## ORDER

Before the Court is the Report and Recommendation filed June 8, 2011, by the Honorable

Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No.

263). Defendant/Movant Brian Brown has timely filed his objections to the Report and

Recommendation. (ECF No. 272). The Court finds the matter ripe for consideration.

Brown is currently serving concurrent terms of life in prison after being found guilty by a

jury of kidnaping and aggravated sexual abuse of a child in violation of 18 U.S.C. §§ 1201(a)(1) and

2241(c). On June 9, 2003, the United States Court of Appeals for the Eighth Circuit affirmed

Brown's convictions. *United States v. Brown*, 330 F.3d 1073 (8th Cir. 2003). On February 23, 2004,

Brown filed his first motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §

2255. (ECF No. 106). On July 13, 2006, the Court adopted a Report and Recommendation denying

the motion. (ECF No. 193) Brown appealed, and on August 20, 2008, the Eighth Circuit affirmed

the Court's order denying relief. (ECF No. 215). Brown filed the current motion, styled "Motion to

Correct an Illegal Sentence That Violates Ex Post Facto Clause Fed. R. Crim. Proc. Rule 35 (2001)",

on March 22, 2011. (ECF No. 253). The United States responded and asserts that the motion should

be stricken as a successive § 2255 motion. (ECF No. 254)

In his Report and Recommendation, Judge Bryant construes Brown's motion as one

requesting relief under 28 U.S.C. § 2255 because the motion serves as "an attack on the sentence imposed in the underlying criminal case[.]" (ECF No. 263 at 4). Accordingly, Judge Bryant finds that Brown is subject to the "second or successive motion" restriction of § 2255(h), requiring that a movant first obtain authorization from the Eighth Circuit before filing any new § 2255 motions. Because Brown had not obtained such authorization and because the Court lacked the appropriate jurisdiction to hear the motion, Judge Bryant recommends that Brown's Motion to Correct an Illegal Sentence (ECF No. 253) be denied, and that the United States' Motion to Strike a Successive § 2255 Motion (ECF No. 245) be granted. (ECF No. 263 at 5). Since Judge Bryant filed his Report and Recommendation, however, Brown has sought certification from the Eighth Circuit to file a successive § 2255 petition, and on August 1, 2011, the Eighth Circuit denied Brown's application. (ECF No. 273). By denying Brown's application, the Eighth Circuit has largely rendered moot the reasoning of Judge Bryant's recommended denial of Brown's motion. In light of these developments, the Court adopts the Report and Recommendation only to the extent that it construes Brown's motion as one arising under § 2255. The remainder is treated as moot.

Brown first argues that because his motion has been construed as one under § 2255 and is therefore subject to restrictions on successive motions to vacate, the Court should have afforded him notice and an opportunity to withdraw the motion. (ECF No. 272 at 7). In support, Brown cites both *Castro v. United States*, 540 U.S. 375 (2003) and *Morales v. United States*, 304 F.3d 764 (8th Cir. 2002). Those cases, however, require a district court that characterizes a movant's motion as one under § 2255 to provide notice and an opportunity to withdraw only if such motion is the movant's *first* § 2255 motion. *See Castro*, 540 U.S. at 383 (a pro se movant facing recharacterization of a first § 2255 motion should be warned, inter alia, that he "will be subject to the restrictions on 'second or

successive' motions"). Accordingly, because this was not Brown's first § 2255 motion—he filed his first in February 2004 (ECF No. 106)—*Castro* and *Morales* do not require the Court to afford him a warning and withdrawal opportunity. Brown's objection to the contrary is without merit.

Brown appears to further argue that the Court should have construed his motion as one under § 2241 because § 2255 provided an inadequate and ineffective remedy. (ECF No. 272 at 7). A federal inmate who collaterally attacks his underlying conviction generally must do so by filing a motion to vacate under § 2255 in the district court where he was sentenced. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cr. 2003). The savings clause of § 2255, however, provides that a movant who shows the inadequacy and ineffectiveness of § 2255 as a remedy may utilize § 2241 as an alternative vehicle for relief.[1] *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004) (citing 28 U.S.C. § 2255(e)). The movant possesses the burden of showing that § 2255 is an inadequate or ineffective remedy. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citing *Abdullah*, 392 F.3d at 959). Here, the Eighth Circuit's mandate denying Brown's application to file a successive motion to vacate (ECF No. 273) has effectively closed § 2255 as a road to relief. The denial of such application, however, acts only as a procedural barrier and does not trigger the savings clause of § 2255(e). *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (holding that a § 2255 motion is not inadequate or ineffective simply because the movant has been denied permission to

---

[1] 28 U.S.C. § 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

file a successive petition) (citing *United States v. Barrett*, 178 F.3d 34, 50 (1st Cir. 1999); *Wofford v. Scott*, 177 F.3d 1236, 1245 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)). Brown's objection is unfounded.

The Court adopts the portion of the Report and Recommendation construing Brown's motion (ECF No. 253) as one for relief under § 2255. Accordingly, because the Eighth Circuit has denied Brown's application to file a successive § 2255 motion, the Court possesses no authority to entertain his claims, and the motion is therefore DENIED. The Unites States' Motion to Strike a Successive § 2255 Motion (ECF No. 254) is DENIED as moot.

IT IS SO ORDERED, this 3rd day of January, 2012.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge